| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:21-cr-00158-02 |
| v. | ) | 3:22-cr-00117-02 |
| | ) | |
| | ) | CHIEF JUDGE CAMPBELL |
| JARIUS BRUNSON | ) | |

## SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES

The United States of America, through Robert E. McGuire, First Assistant United States Attorney for the Middle District of Tennessee, Assistant United States Kathryn Risinger, submits this sentencing memorandum in advance of defendant [2] Jarius Brunson's sentencing, which is scheduled for 10:00 a.m., on December 12, 2025. As discussed in more detail below, the Government submits that a sentence of time served followed by three years of supervised release is the appropriate sentence to satisfy the 3553(a) factors.

On December 11, 2023, the defendant pled guilty in Case Number 3:21-cr-00158 to Counts One through Four, Eight, Ten, Twelve, and Sixteen through Eighteen of the Third Superseding Indictment; and on November 29, 2023, the defendant pled guilty in Case Number 3:22-cr-00117 to Count One of the Indictment. (Presentence Investigation Report ("PSR") at ¶¶ 16, 20.) The PSR, revised August 12, 2025, calculates a total offense level of 27 and a Criminal History Category of I. (*Id*. at ¶¶ 56-79.) The defendant's Total Offense Level of 27 and Criminal History Category I call for a recommended guideline range of 70-87 months in prison. (*Id.* at ¶ 112.) Below, the Government discusses the 3553(a) factors and relevant considerations to determining the defendant's appropriate sentence.

**<u>CONSIDERATION OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)</u>**

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530 (2013). Pursuant to 18 U.S.C. §3553(a), a court shall consider the following factors, among others, when sentencing a defendant: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §3553(a).

1. <u>Nature and Circumstances of the Offenses</u>

The Offense Conduct section of the defendant's PSR and the factual section of his plea agreement accurately describe the defendant's role in the offenses of conviction. (*See* D.E. 678 in Case Number 3:21-cr-00158; D.E. 192 in Case Number 3:22-cr-00117; and PSR ¶¶ 26-45.) Rather than unnecessarily regurgitate the facts underlying the defendant's involvement as set forth in those documents, the Government instead incorporates those documents as if fully set forth herein for efficiency.

2. <u>History and Characteristics of Defendant</u>

The defendant was 23 years old when he engaged in his criminal behavior with co-defendant Brandon Miller ("Miller") and others. Today, he is now 27 years old. The defendant does not have any criminal history.

The Government does not have any information regarding the history and characteristics of the defendant beyond the information set forth in his PSR.

3. <u>Seriousness of the Offenses and Deterrence</u>

Trafficking in firearms is a serious crime regardless of whether you are the supplier of firearms or the recipient of unlawfully trafficked firearms. The communities in and around Chicago, Illinois, are plagued by gun violence. The defendant, knowing that he and his co-conspirators were purchasing and supplying firearms to prohibited persons in Illinois, trafficked a large quantity of firearms to Chicago despite the fact that some of the individuals they were supplying the firearms to were involved in a violent gang war. As a result, the defendant and his co-defendants trafficked dozens and dozens of firearms to individuals in and around Chicago, Illinois, in order to facilitate an on-going gang conflict between the Kill-to-Survive Alliance, which involved members and associates of the Pocket Town Gangster Disciples, and No Limit, a rival gang.

And around the same time that the defendant was trafficking in firearms, he engaged in a conspiracy to defraud the United States when he provided another individual's personally identifying information to his co-conspirators for the purpose of filing a fraudulent PPP loan.

Finally, the Government agrees with the information set forth in Section B(iv) at pages 9 through 11 of the defendant's sealed sentencing memorandum (D.E. 1032) and will not unnecessarily regurgitate that information herein or in a separate Government filing. Instead, the Government incorporates that information as if fully set forth herein for efficiency.

There is thus a strong need for deterrence—both general and specific—as a result of the defendant's conduct. The proposed sentence will deter the defendant from committing similar crimes and protect the public from future crimes committed by him. Further, the proposed sentence will deter members of the general public from engaging in this type of criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

3

4. <u>The Need to Avoid Unwarranted Sentence Disparity</u>

A sentence of time served followed by three years of supervised release reflects the types of sentences available to the Court and considers the applicable Guidelines range. 18 U.S.C. §§ 3553(a)(3) and (4). The United States submits that this sentence appropriately accounts for the defendant's conduct, the facts and circumstances of the offense, the history and characteristics of the defendant, and the seriousness of the offense. Its imposition would avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes. 18 U.S.C. §§ 3553(a)(6). The Government therefore submits that such a sentence is the appropriate punishment for the defendant.

## **CONCLUSION**

The United States submits that the foregoing information is relevant to determining the appropriate sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense in light of the nature and characteristics of the defendant, as well as the need to protect the public from future harm by the defendant. Based on all of the above, the Government submits that the appropriate sentence for the defendant is time served followed by three years of supervised release

Respectfully submitted,

ROBERT E. MCGUIRE
First Assistant United States Attorney

By:   /s/ *Kathryn D. Risinger*
KATHRYN D. RISINGER
Assistant United States Attorney
719 Church Street – Suite 3300
Nashville, Tennessee 37203

4